IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–02400–REB–KMT

SHANE JOHNSON,

    Plaintiff,

v.

JUSTIN DASH, individually and in his official capacity as case manager,
DONNA ZAVISLAN, in her individual capacity as Warden and official capacity as Warden,
DEBRA AHLIN, individually and in her official capacity as committee member,
JAMES OLSON, individually and in his official capacity as committee chairperson,
CARMEN ESTRADA, individually and in her official capacity as committee chairperson,
KATHLEEN BOYD, individually and in her official capacity as nurse practitioner,
DEPRIEST, individually and in his official capacity as committee member, whose first name is unknown, and
JANE DOE, in her individual capacity, (whose true name is unknown), as a CIPS Input operator,

    Defendants.

---

### MINUTE ORDER

**ORDER ENTERED BY MAGISTRATE JUDGE KATHLEEN M. TAFOYA**

Plaintiff's "Motion to Compel and for Costs and for Extension of Time" (Doc. No. 50, filed Apr. 9, 2013) is GRANTED in part and DENIED in part. Plaintiff's Motion is DENIED in part without prejudice to the extent that it seeks to compel responses to Plaintiff's First Set of Interrogatories and First Requests for Production of Documents. First, Plaintiff has failed to comply with Fed. R. Civ. P. 37(a)(1), which provides, *inter alia,* that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make . . . discovery in an effort to obtain it without court action." Second, Plaintiff's Motion is premature. Plaintiff's Requests for Production and Requests are dated March 7, 2013. Assuming that Plaintiff's discovery requests were actually served on Defendants on that date—there is no certificate of service attach to the discovery requests indicating if and when they were served—Defendants had until April 9, 2013 to serve responses

and/or objections.  *See* Fed. R. Civ. P. 33(b)(2) & 34(b)(2) (providing that a party must respond within 30 days after being served with interrogatories and requests for production, respectively); Fed. R. Civ. P. 6(d) (allowing three days after to respond).  Plaintiff's Motion, however, is dated March 31, 2013, more than a week prior to the deadline for Defendants' responses.

Plaintiff's Motion is GRANTED in part to the extent that it seeks an extension of the Deadline for Joinder of Parties and Amendment of Pleadings.  The court finds that Plaintiff has shown good cause for a 30-day extension of this deadline.  Accordingly, the Deadline for Joinder of Parties and Amendment of Pleadings to **May 11, 2013**.

Dated: April 11, 2013