**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12–cv–02400–REB–KMT

SHANE JOHNSON,

    Plaintiff,

v.

JUSTIN DASH, individually and in his official capacity as case manager,
DONNA ZAVISLAN, in her individual capacity as Warden and official capacity as Warden,
DEBRA AHLIN, individually and in her official capacity as committee member,
JAMES OLSON, individually and in his official capacity as committee chairperson,
CARMEN ESTRADA, individually and in her official capacity as committee chairperson,
KATHLEEN BOYD, individually and in her official capacity as nurse practitioner,
DEPRIEST, individually and in his official capacity as committee member, whose first name is
unknown, and
JANE DOE, in her individual capacity, (whose true name is unknown), as a CIPS Input operator,

    Defendants.

**ORDER OVERRULING OBJECTIONS TO
ORDER OF THE UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

    This matter is before me on the plaintiff's **Objection and/or Motion for Reconsideration of Magisstrate Tafoya's Order (Doc. 59) Denying Me Appointment of Counsel** [#62][1] filed May 2, 2013.  I overrule the objections stated in [#62].

    The plaintiff is proceeding pro se. Thus, I continue to construe his pleadings and

---

[1] "[#62]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

other filings more liberally and hold them to a less stringent standard than formal pleadings drafted by attorneys-at-law.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (*citing Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

The objection concerns a non-dispositive matter that was referred to the magistrate judge for resolution.  Under 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(a), I may modify or set aside any portion of a magistrate judge's order which I find to be clearly erroneous or contrary to law.

On April 22, 2013, the magistrate judge entered an order [#59] denying the plaintiff's **Motion To Appoint Counsel** [#49] filed April 9, 2013.  The magistrate judge stated and applied the correct legal standard and articulated a reasonable assessment of the nature of this case in relationship to that standard.  Having reviewed the plaintiff's motion [#49], the order [#59] of the magistrate judge, and the plaintiff's objection [#62], I conclude that the order [#59] of the magistrate judge is not clearly erroneous or contrary to law.

**THEREFORE, IT IS ORDERED** that the objections state in plaintiff's **Objection and/or Motion for Reconsideration of Magisstrate Tafoya's Order (Doc. 59) Denying Me Appointment of Counsel** [#62] filed May 2, 2013, are **OVERRULED** and **DENIED**.

Dated May 3, 2013, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge