IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–02400–REB–KMT

SHANE JOHNSON,

      Plaintiff,

v.

JUSTIN DASH, individually and in his official capacity as case manager,
DONNA ZAVISLAN, in her individual capacity as Warden and official capacity as Warden,
DEBRA AHLIN, individually and in her official capacity as committee member,
JAMES OLSON, individually and in his official capacity as committee chairperson,
CARMEN ESTRADA, individually and in her official capacity as committee chairperson,
KATHLEEN BOYD, individually and in her official capacity as nurse practitioner,
DEPRIEST, individually and in his official capacity as committee member, whose first name is unknown, and
JANE DOE, in her individual capacity, (whose true name is unknown), as a CIPS Input operator,

      Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

_____

**Magistrate Judge Kathleen M. Tafoya**

      This case comes before the court on Plaintiff's "Memorandum of Law in Support of Plaintiff's Motion for a Preliminary Injunction" (Doc. No. 6, filed Sept. 10, 2012)—which the court construes, and hereinafter refers to, as Motion for Preliminary Injunction—and Plaintiff's Declaration in Support thereof (Doc. No. 5 [Johnson Decl.]). Defendants filed a Response to Plaintiff's Motion on April 5, 2013 (Doc. No. 48) and Plaintiff filed a Reply on April 16, 2013 (Doc. No. 57). Thereafter, on April 19, 2013, Plaintiff filed a Supplemental Reply that features

newly discovered exhibits.  (Doc. No. 58.)  This matter is ripe for the court's review and

recommendation.  For the following reasons, Plaintiff's Motion is DENIED.

In his Motion, Plaintiff seeks a preliminary injunction "to ensure that he receives proper

medical care."  (Mot. at 1.)  More specifically, and as clarified in his Declaration, Plaintiff seeks

a "preliminary injunction requiring Defendant Boyd to carry out treatment for [his] Hep[atitis] C

and pain."  (Johnson Decl. ¶ 9.)

A party seeking a preliminary injunction must meet the following four conditions:

(1) the movant will suffer irreparable harm unless the injunction issues; (2) there
is a substantial likelihood the movant ultimately will prevail on the merits; (3) the
threatened injury to the movant outweighs any harm the proposed injunction may
cause the opposing party; and (4) the injunction would not be contrary to the
public interest.

*ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999).  A party seeking injunctive relief must

found his efforts on specific factual allegations.  *Longstreth v. Maynard*, 961 F.2d 895, 902 (10th

Cir.1992).  Ultimately, because "a preliminary injunction is an extraordinary remedy," the

moving party must establish that his "right to relief [is] clear and unequivocal."  *Schrier v. Univ.
of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

The court finds that Plaintiff's request for a preliminary injunction is moot.  Plaintiff

concedes that, after he filed his Motion, he was transferred from the Colorado State Penitentiary

(CSP), where Defendant Boyd is employed, to Sterling Correctional Facility (SCF).  (Reply at 1;

*see also* Notice of Change of Address, Doc. No. 8, filed Sept. 21, 2012.)  As such, because

Plaintiff is no longer under Defendant Boyd's supervision and care, Plaintiff's request for

injunctive relief against Defendant Boyd is moot.  *See Schrier*, 427 F.3d at 1267 ("The purpose

2

of a preliminary injunction is not to remedy past harm but to protect plaintiffs from irreparable

injury that will surely result without their issuance."); *Green v. Branson*, 108 F.3d 1296, 1300

(10th Cir. 1997) (noting that where "entry of injunctive relief in [plaintiff's] favor would have no

effect on the defendants' behavior," a request for injunctive relief is moot).

 In his Reply, Plaintiff acknowledges he has been transferred away from CSP, but notes

that he has since filed an "Ammended [sic] and Supplemented Prisoner Complaint" (*see* Doc.

No. 53)[1] that "names new [defendants] concerning his treatment at [SCF] and the continued

denial of treatment" for his Hepatitis C and pain.  (Reply at 1.)  Thus, it appears that Plaintiff

seeks to re-target his request for a preliminary injunction at the SCF medical staff.  This,

however, is inappropriate, as new issues cannot be raised for the first time in a reply.[2]  *See*

*United States v. Harrell,* 642 F.3d 907, 918 (10th Cir. 2011) (arguments raised for the first time

in a reply brief generally are deemed waived); D.C.COLO.LCivR 7.1C ("A motion shall not be

included in a response or reply to the original motion").

 WHEREFORE, for the foregoing reasons, I respectfully

---

[1] On April 10, 2013, the court struck this "Ammended [sic] and Supplemented
Complaint" because Plaintiff did not seek leave of court prior to filing it.  (*See* Minute Order,
Doc. No. 54, filed Apr. 10, 2013.)  However, Plaintiff has since filed a "Motion for Leave to File
Ammended [sic] and Supplemented Complaint."  (Doc. No. 65, filed May 16, 2013.)  That
motion is currently pending before this court.

[2] It also appears that Plaintiff is now receiving treatment for his Hepatitis C at SCF (Resp.
at 8-9; Reply at 2), which would undercut his argument that he is suffering irreparable harm by
not receiving treatment. However, the court notes that Plaintiff still contests whether the
treatment he is receiving is adequate to address his medical conditions.  (*See* Reply at 2).

RECOMMEND that Plaintiff's "Memorandum of Law in Support of Plaintiff's Motion for a Preliminary Injunction" (Doc. No. 6) be DENIED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate

4

review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 14th day of June, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge