IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–02400–REB–KMT

SHANE JOHNSON,

    Plaintiff,

v.

JUSTIN DASH, individually and in his official capacity as case manager,
DONNA ZAVISLAN, in her individual capacity as Warden and official capacity as Warden,
DEBRA AHLIN, individually and in her official capacity as committee member,
JAMES OLSON, individually and in his official capacity as committee chairperson,
CARMEN ESTRADA, individually and in her official capacity as committee chairperson,
KATHLEEN BOYD, individually and in her official capacity as nurse practitioner,
DEPRIEST, individually and in his official capacity as committee member, whose first name is unknown, and
JANE DOE, in her individual capacity, (whose true name is unknown), as a CIPS Input operator,

    Defendants.

---

# ORDER

---

This matter is before the court on Plaintiff's "Motion for Leave to File Ammended [sic] and Supplemented Prisoner Complaint." (Doc. No. 65, filed May 16, 2013 [Mot. Am. & Suppl.].) Defendants filed a Response on June 6, 2013. (Doc. No. 67.) Although the deadline for Plaintiff to file a reply has not yet expired, the court notes that it may rule on a motion at any time after it is filed. D.C.COLO.LCivR. 7.1A. The court also considers herein Defendants' "Motion to Dismiss in Part Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and for Summary

Judgment." (Doc. No. 29, filed Jan. 17, 2013.)  For the following reasons, Plaintiff's Motion to Amend and Supplement is GRANTED and Defendants' Motion to Dismiss and for Summary Judgment is DENIED without prejudice as moot.

In his Motion to Amend and Supplement, Plaintiff seeks to amend his Complaint to identify the Jane Doe defendant as Yvonne Sargent and respond to arguments raised in Defendants' Motion to Dismiss and for Summary Judgment regarding his alleged physical injuries.  (Mot. Am. & Supp. at 1.)  Plaintiff also seeks to supplement his Complaint to add additional allegations that arose after his relocation to Sterling Correctional Facility, which occurred several days after he filed his Complaint.  (*Id.* at 2.)

Pursuant to Federal Rule of Civil Procedure 15(a), "The court should freely give leave [to amend the pleadings] when justice so requires."  *See also York v. Cherry Creek Sch. Dist. No. 5*, 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir. 2003).  The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require, be "freely given."  Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).  The Federal Rules reject the approach "that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."  *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

Federal Rule of Civil Procedure 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  A Rule 15(d) motion is "addressed to the sound discretion of the court, and leave to serve a supplemental pleading 'should be liberally granted unless good reason exists for denying leave.'"  *Southwest Nurseries, LLC v. Florists Mut. Ins., Inc.,* 266 F. Supp. 2d 1253, 1256 (D. Colo. 2003) (quoting *Walker v. UPS, Inc.,* 240 F. 3d 1268, 1278 (10th Cir. 2001)).  "The court should apply the same standard for exercising its discretion under Rule 15(d) as it does for deciding a motion under Rule 15(a)."  *Id.* (citing *First Savings Bank v. U.S. Bancorp,* 184 F.R.D. 363, 368 (D. Kan. 1998)).

In their Response, Defendants argue that Plaintiff's Motion to Amend and Supplement should be denied because the court already determined—in its May 2, 2013 Minute Order (Doc. No. 63) denying Plaintiff's previously-filed Motion for Leave to File a Supplemental Complaint (Doc. No. 36, filed Feb. 11, 2013) and Motion for Leave to File Amended and Supplemental Complaint (Doc. No. 60, filed May 2, 2013)—that the proposed Amended and Supplemented Complaint (Doc. No. 60-1) Plaintiff now seeks leave to file is deficient.  Defendants

misunderstand the reasoning underlying the May 2, 2013 Minute Order.  The court did not address Plaintiff's previously-filed motions to amend and supplement on substantive grounds. (*See* May 2, 2013 Minute Order.)  Rather, the court denied those motions *without prejudice* because it was unclear whether the latter-filed motion to amend and supplement sought to amend the current operative complaint, the proposed supplemental complaint attached to the earlier motion, or both.  (*Id.*)  As such, the court granted Plaintiff leave to file a <u>single</u> renewed motion to amend and/or supplement, no later than May 24, 2013, that clarified the proposed pleading(s) upon which Plaintiff sought to proceed and which pleading(s) he sought to abandon.  (*Id.*)

To be sure, the court also stated that Plaintiff must attach his proposed amended or supplemental complaint to his motion, and Plaintiff has not done so.  (*Id.*)  However, Plaintiff has made clear that he seeks to proceed on the proposed Amended and Supplemented Complaint (Doc. No. 60-1) attached to his May 2, 2013 Motion to Amend and Supplement.  Plaintiff has also stated that he was unable to comply with this court's directive to attach his proposed amended and/or supplemental pleading to his present motion because prison staff would not make additional copies of documents that were previously copied.  (*See* Doc. No. 65-1.)  In light of Plaintiff's inmate and *pro se* status, the court will excuse Plaintiff's technical non-compliance with the May 2, 2013 Minute Order because Plaintiff has addressed the primary basis for the court's denial of his prior motions to amend and supplement—that is, Plaintiff has clarified for the court which proposed pleading he seeks to establish as his operative pleading.

Otherwise, Defendants have not argued, nor does the court find, that Plaintiff's Motion to Supplement and Amend is unduly delayed, unduly prejudicial, or submitted in bad faith.

Defendants also have not argued that Plaintiff's proposed Amended and Supplemented Complaint would be futile; as such, the court will defer that question until if and when Defendants file an appropriate dispositive motion. *See General Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07–cv–01145–DME–KMT, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008) (recognizing that a futility argument under Rule 15(a) often places "the cart before the horse."); *Stender v. Cardwell*, No. 07–cv–02503–WJM–MJW, 2011 WL 1235414, at *3 (D. Colo. Apr. 1, 2011) (where a party will not face any—let alone undue—prejudice if a motion to amend is granted, their opposition is grievously weakened). Altogether, in light of the liberal policy governing amendments and supplements to the pleadings, the court finds that Plaintiff's Motion to Amend and Supplement is properly granted.

Therefore, it is

ORDERED that Plaintiff's "Motion for Leave to File Ammended [sic] and Supplemented Prisoner Complaint" (Doc. No. 65) is GRANTED. The Clerk of Court is directed to file Plaintiff's proposed "Ammended [sic] and Supplemented Prisoner Complaint" (Doc. No. 60-1). It is further

ORDERED that Defendants' "Motion to Dismiss in Part Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and for Summary Judgment" (Doc. No. 29) is DENIED without prejudice as

moot as it is now directed at an inoperative pleading.  *See, e.g., Brunet v. The Quizno's Franchize Co*. LLC, No. 07–cv–01717–EWN–KMT, 2008 WL 4380590, at *1 (D.Colo. Sept. 24, 2008).

Dated this 14th day of June, 2013.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge