IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–02400–REB–KMT

SHANE JOHNSON,

    Plaintiff,

v.

JUSTIN DASH, individual and official capacity as case manager,
DONA ZAVISLAN, individual and capacity as warden,
DEBRA AHLIN, individual and official capacity as committee member,
JAMES OLSON, individual and official capacity as committee chairperson,
CARMEN ESTRADA, individual and official capacity as committee chairperson,
KATHLEEN BOYD, individual and official capacity as nurse practitioner,
DANIEL DE PRIEST, individual and official capacity as committee member,
KERI MCKAY, individual and official capacity as physician's assistant,
HELENE CHRISTNER, individual and official capacity ad nurse practitioner,
JUDITH BEEMAN, individual and official capacity as DOC infection central nurse, and
YVONNE SARGENT, individual and official capacity as CIPS input operator,

    Defendants.

## MINUTE ORDER

**ORDER ENTERED BY MAGISTRATE JUDGE KATHLEEN M. TAFOYA**

Plaintiff's "Motion to Strike and/or Deny Defendants' Motion to Dismiss . . . and/or for Summary Judgment (Doc. 100) w/out Prejudice or Grant Extension of Time to Respond" (Doc. No. 104, filed Oct. 30, 2013) is GRANTED in part. Defendants' Motion to Dismiss and/or for Summary Judgment (Doc. No. 100) clearly argues that they are entitled to summary judgment under Fed. R. Civ. P. 56 on several of Plaintiff's claims because Plaintiff failed to exhaust administrative remedies. D.C.COLO.LCivR 56.1(a) provides that a "motion under Fed. R. Civ. P. 56 for summary judgment or partial summary judgment shall include a statement of undisputed facts." Defendants' Motion to Dismiss and/or for Summary Judgment does not contain the required statement of undisputed facts in support of their exhaustion arguments.

The court would be warranted in striking or denying (without prejudice) Defendants' Motion to Dismiss and/or for Summary Judgment for this deficiency. However, to avoid adding to the

already significant delay incurred in this case, the court elects a different approach.   No later than December 18, 2013, Defendant shall file, as a supplement to their Motion to Dismiss and/or for Summary Judgment, the required statement of undisputed facts.[1]   Plaintiff shall file his response to Defendants' Motion to Dismiss and/or for Summary Judgment (including the statement of undisputed facts) on or before January 8, 2014.   Defendants shall file their reply, if any, on or before January 22, 2014.

Dated:   December 6, 2013

---

[1] The statement of undisputed facts need only relate to the arguments for which Defendants seek summary judgment.