IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–02400–REB–KMT

SHANE JOHNSON,

    Plaintiff,

v.

JUSTIN DASH, individual and official capacity as case manager,
DONA ZAVISLAN, individual and capacity as warden,
DEBRA AHLIN, individual and official capacity as committee member,
JAMES OLSON, individual and official capacity as committee chairperson,
CARMEN ESTRADA, individual and official capacity as committee chairperson,
KATHLEEN BOYD, individual and official capacity as nurse practitioner,
DANIEL DE PRIEST, individual and official capacity as committee member,
KERI MCKAY, individual and official capacity as physician's assistant,
HELENE CHRISTNER, individual and official capacity ad nurse practitioner,
JUDITH BEEMAN, individual and official capacity as DOC infection central nurse, and
YVONNE SARGENT, individual and official capacity as CIPS input operator,

    Defendants.

---

**ORDER**

---

    This matter is before the court on Defendants' "Motion to Stay Briefing and Filing of Dispositive Motions Pending Resolution of the Motion to Dismiss the Amended Complaint." (Doc. No. 106, filed Nov. 14, 2013.)  Pursuant to D.C.COLO.LCivR 7.1C and Fed. R. Civ. P. 6(d), Plaintiff had until December 8, 2013 to file a response.  Plaintiff did not file a response on or before that date.  Accordingly, this matter is ripe for the court's review and ruling.  For the

following reasons, Defendants' Motion to Stay is GRANTED.

Plaintiff's Amended and Supplemented Prisoner Complaint, filed September 26, 2013, asserts several claims under 28 U.S.C. § 1983 for violations of his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution. (Doc. No. 93 [Am. Compl.].) On October 17, 2013, Defendants filed their "Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and/or for Summary Judgment." (Doc. No. 100.) Therein, Defendants argue, *inter alia,* that they are entitled to sovereign and qualified immunity from several of Plaintiff's claims. Defendants now seek a stay of the dispositive motions deadline and briefing on Plaintiff's Motion for Partial Summary Judgment (Doc. No. 102, filed Oct. 24, 2013) until after ruling on their Motion to Dismiss and for Summary Judgment.

Immunity provisions, whether qualified, absolute or pursuant to the Eleventh Amendment, are meant to free officials from the concerns and burdens of litigation, such as disruptive discovery. *See Ashcroft v. Iqbal,* 556 U.S. 662, 685 (2009) (citing *Siegert v. Gilley,* 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment); *see also Workman v. Jordan,* 958 F.2d 332, 335 (10th Cir. 1992) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 817-18 (1982)) (qualified immunity, if successful protects the official both from liability as well as from the ordinary burdens of litigation). As explained by Justice Kennedy in *Iqbal,* there are serious and legitimate reasons for this protection.

> If a Government official is to devote time to his or her duties, and to the
> formulation of sound and responsible policies, it is counterproductive to require
> the substantial diversion that is attendant to participating in litigation and making
> informed decisions as to how it should proceed. Litigation, though necessary to
> ensure that officials comply with the law, exacts heavy costs in terms of efficiency

and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government.

556 U.S. at 685.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.,* 02–CV–01934–LTB–PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished). Nevertheless,

> [t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).  A stay of proceedings is thus an appropriate exercise of this court's discretion.  *Id.*

Additionally, a court may decide that in a particular case it would be wise to stay proceedings until certain challenges have been resolved.  *See* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2040, at 198 (3d ed. 2010). Although a stay of all proceedings is generally disfavored, *see Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009), a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."  *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003).  *See also Vivid Techs., Inc. v. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning

other issues until the critical issue is resolved"). When considering a stay of proceedings, this court considers: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85–2216–O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

The court finds it appropriate to stay the dispositive motions deadline and briefing on Plaintiff's Motion for Partial Summary Judgment. As discussed, Plaintiff has not filed a response in opposition to Defendants' Motion to Stay. In any event, the court finds that any prejudice a stay might have on Plaintiff's interest in proceeding expeditiously with this case is outweighed by the burden Defendants would face if they were forced to file dispositive motions and respond to Plaintiff's Motion for Partial Summary Judgment in spite of well-established precedent supporting a stay when an immunity defense has been raised. Further, although the court has an interest in managing its docket by seeing the case proceed expeditiously, the court finds that any inconvenience that may result from rescheduling the docket is outweigh by the potential waste of resources that would result if this case were proceed, only to be subsequently dismissed in its entirety on the grounds raised in the Motion to Dismiss and for Summary Judgment. *See Nankivil,* 216 F.R.D. at 692 (a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action.").

Finally, neither the interest of nonparties or the public interest in general prompt the court to reach a different result. Accordingly, on balance, the court finds that a stay of the dispositive

motions deadline and briefing on Plaintiff's Motion for Summary Judgment is appropriate in this action.

Therefore, it is

ORDERED that "Motion to Stay Briefing and Filing of Dispositive Motions Pending Resolution of the Motion to Dismiss the Amended Complaint" (Doc. No. 106) is GRANTED. The Dispositive Motions Deadline and briefing on Plaintiff's Motion for Partial Summary Judgment are STAYED pending ruling on Defendants' Motion to Dismiss and for Summary Judgment.   No later than 14 days after ruling on Defendants' Motion to Dismiss and for Summary Judgment, should any portion of this case remain pending, the parties shall file a Joint Status Report regarding whether the Dispositive Motions Deadline and briefing on Plaintiff's Motion for Partial Summary Judgment should be reset.

Dated this 3rd day of January 2014.

BY THE COURT:

_____
Kathleen M Tafoya
United States Magistrate Judge