**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-02400-REB-KMT

SHANE JOHNSON,

    Plaintiff,

v.

JUSTIN DASH, individual and official capacity as case manager,
DONA ZAVISLAN, individual and capacity as warden,
DEBRA AHLIN, individual and official capacity as committee member,
JAMES OLSON, individual and official capacity as committee chairperson,
CARMEN ESTRADA, individual and official capacity as committee chairperson,
KATHLEEN BOYD, individual and official capacity as nurse practitioner,
DANIEL DE PRIEST, individual and official capacity as committee member,
KERI MCKAY, individual and official capacity as physician's assistant,
HELENE CHRISTNER, individual and official capacity ad nurse practitioner,
JUDITH BEEMAN, individual and official capacity as DOC infection central nurse, and
YVONNE SARGENT, individual and official capacity as CIPS input operator,

    Defendants.

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

    This matter is before me on the following: (1) the **Motion to Dismiss Amended Complaint (Doc. 93) Pursuant to FED. R. CIV. P. 12(b)(1) and (6) And/or for Summary Judgment** [#100][1] filed October 17, 2013; (2) the **Motion for Partial Summary Judgment** [#102] filed October 24, 2013; (3) the **Second Motion for Partial Summary Judgment Pursuant To Rule 56** [#129] filed March 6, 2014; (4) the

---

[1] "[#100]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

**Recommendation of United States Magistrate Judge** [#139] filed August 27, 2014; and (5) the **Second Motion for Extension of Time** [#146] filed September 23, 2014. I deny the motion for extension of time, approve and adopt the recommendation, grant the motion to dismiss in part and deny it in part, and deny the two motions for partial summary judgment.

The plaintiff is acting *pro se*. Therefore, I continue to construe his filings generously and with the leniency due pro se litigants, see **Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Belmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972)).

## I.  MOTION FOR EXTENSION OF TIME

I address first the **Second Motion for Extension of Time** [#146] filed by the plaintiff, Shane Johnson. Mr. Johnson, an inmate in the Colorado Department of Corrections, seeks for a second time additional time to file objections to the recommendation of the magistrate judge. On September 10, 2014, Mr. Johnson filed his first motion [#143] for extension of time to file objections, seeking an extension through December 8, 2014. Mr. Johnson noted that the recommendation addresses numerous arguments and legal citations, that he is acting *pro se*, and his access to a law library is limited to about three hours per week. In addition, he noted other cases he is litigating. The court granted that motion in part, extending the deadline for objections to September 18, 2014. *Order* [#144]. In that order, the court noted that generally, "the fact that the plaintiff is a litigant in other cases does not constitute good cause for an extension of time." *Order* [#144], p. 2.

In his second motion for extension of time, Mr. Johnson contends his law library

access has been limited to two hours per week, notes the other cases he is litigating, and contends he needs more time "to distinguish cases cited in the R&R." *Motion* [#146]. In addition, Mr. Johnson says "I have some really good objections and this motion is not for the purposes of delay." *Id.* He does not specify, even in a summary fashion, the bases for any of his proposed objections.

The facts, issues, and legal authorities addressed in the recommendation [#139] are detailed in the underlying motion [#100] of the defendants, filed October 17, 2013, the 32 page response [#116] of the plaintiff, filed December 27, 2013, and the reply [#120] of the defendants, filed January 22, 2014. With this background, Mr. Johnson has had ample time to familiarize himself with the issues and authorities on which the defendants rely and which are addressed in the recommendation. Given this context, I find that Mr. Johnson has not stated in his motion [#146] good cause for an additional extension of time to file objections to the recommendation. Therefore, his motion for extension of time [#146] is denied.

## II. RECOMMENDATION

Because no objection to the recommendation was filed, I review the recommendation only for plain error. **See Morales-Fernandez v. Immigration & Naturalization Service**, 418 F.3d 1116, 1122 (10th Cir. 2005). Finding no error, much less plain error, in the recommendation of the magistrate judge, I find and conclude that the recommendation should be approved and adopted as an order of this court. The recommendation addresses comprehensively the claims of Mr. Johnson and the legal issues surrounding those claims. In the context of civil rights claims asserted by prison inmates, the legal issues raised in the motion to dismiss [#100] and addressed in the recommendation [#139] are neither novel nor controversial and, in this case, do not

present any issues that are close or controversial.

Mr. Johnson has spent a substantial period of time in administrative segregation. He challenges in his claim one various procedural aspects of his administrative segregation classification.  In claim two, Mr. Johnson alleges that the medical treatment he has received from the defendants, including treatment for hepatitis C, is inadequate and constitutes a violation of his rights under the Eighth Amendment.  In claim three, Mr. Johnson alleges his rights were violated in relation to notification of Mr. Johnson concerning a detainer filed against him based on an escape charge that was pending against Mr. Johnson.  This claim is related to the administrative segregation classification of Mr. Johnson.  In claim four, Mr. Johnson claims he was denied adequate telephone access to his defense attorney while the escape charge was pending against Mr. Johnson.

In the recommendation, the magistrate judge examines comprehensively a variety of issues raised by the defendants in their motion to dismiss [#100].  These issues include Eleventh Amendment immunity, injunctive relief, the doctrine of ***Younger v. Harris***, 401 U.S. 37 (1971), the basic allegations which must be made to state a claim against particular defendants, qualified immunity, and exhaustion of administrative remedies.  In addition, the magistrate judge cites valid reasons why Mr. Johnson's motions for summary judgment should be denied without prejudice to re-filing.  Based on the detailed analysis of the magistrate judge, with which I concur after de novo review, I approve and adopt the recommendation.

### III.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Second Motion for Extension of Time** [#146] filed September 23,

2014, is **DENIED**;

2. That the **Recommendation of United States Magistrate Judge** [#139] filed August 27, 2014, is **APPROVED** and **ADOPTED** as an order of this court;

3. That the **Motion to Dismiss Amended Complaint (Doc. 93) Pursuant to F**ED**. R. C**IV**. P. 12(b)(1) and (6) And/or for Summary Judgment** [#100] filed October 17, 2013, is **GRANTED** in part **DENIED** in part as follows:

   a. That the motion is granted as to the following claims and parties:

   - the claims of the plaintiff for damages against the defendants in their official capacities are **DISMISSED** with prejudice based on the Eleventh Amendment;

   - claim one is **DISMISSED** without prejudice with respect to the claims for declaratory and injunctive relief;

   - claim one is **STAYED** with respect to plaintiff's claims for damages against defendants Debra Ahlin and Daniel De Priest;

   - claim one is **DISMISSED** with prejudice as to defendant Donna Zavislan, based on qualified immunity;

   - claim one is **DISMISSED** with prejudice as to defendants Justin Dash, James Olson, and Carmen Estrada to the extent claim one alleges deficient periodic reviews of administrative segregation classification between December 27, 2010, and April 2, 2012, based on qualified immunity;

   - claim one is **DISMISSED** without prejudice as to the claim that the lack of outdoor exercise in administrative segregation violates the Eighth Amendment;

5

- claim two is **DISMISSED** without prejudice as to defendants Helene Christner and Judith Beeman;

- claim two is **DISMISSED** without prejudice as to the request for an injunction against defendant Kathleen Boyd; and

- claim three and claim four both are **DISMISSED** without prejudice; and

b.  That the motion is denied as to the following claims and parties:

- claim one as to defendants Justin Dash, James Olson, and Carmen Estrada to the extent claim one alleges deficient periodic reviews of administrative segregation after April 2, 2012; and

- claim two as to Plaintiff's claim for money damages against defendant Kathleen Boyd;

4.  That because no claim remains pending against them, defendants Donna Zavislan, Debra Ahlin, Daniel De Priest, Keri Mckay, Helene Christner, Judith Beeman, Yvonne Sargent are **DROPPED** as named defendants in this case, and the caption shall be **AMENDED** accordingly;

5.  That the **Motion for Partial Summary Judgment** [#102] filed October 24, 2013, by the plaintiff is **DENIED**; and

6.  That the **Second Motion for Partial Summary Judgment Pursuant To Rule 56** [#129] filed March 6, 2014, by the plaintiff is **DENIED**.

Dated September 29, 2014, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge