IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–02400–REB–KMT

SHANE JOHNSON,

    Plaintiff,

v.

JUSTIN DASH, individual and official capacity as case manager,
JAMES OLSON, individual and official capacity as committee chairperson,
CARMEN ESTRADA, individual and official capacity as committee chairperson, and
KATHLEEN BOYD, individual and official capacity as nurse practitioner,

    Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**Magistrate Judge Kathleen M. Tafoya**

    This case comes before the court on Defendant Keri McKay's Motion to Dismiss.[1] (Doc. No. 153, filed Oct. 8, 2014.) No response was filed on or before that date. For the following reasons, the court RECOMMENDS that Defendant McKay's Motion to Dismiss be GRANTED.

---

[1] In his Order Adopting Recommendation of United States Magistrate Judge (Doc. No. 147, filed Sept. 29, 2014), District Judge Robert E. Blackburn dropped Defendant McKay as a named defendant because no claim remained pending against her. In footnote 1 of the Recommendation addressed by Judge Blackburn's Order, this court noted that Plaintiff's claims against Defendant McKay were not considered because she had not been served at that time. Accordingly, the court finds it appropriate to address Defendant McKay's Motion to Dismiss notwithstanding the fact that Judge Blackburn previously dismissed her as a defendant under the then-prevailing circumstances.

## PROCEDURAL HISTORY

Plaintiff filed his initial Prisoner Complaint on September 10, 2012. (Doc. No. 1.) On May 16, 2013, Plaintiff filed a "Motion for Leave to File Ammended [sic] and Supplemented Prisoner Complaint." (Doc. No. 65.) The court granted this motion on June 14, 2013. (*See* Order. Doc. No. 69.)

However, rather than filing Plaintiff's proposed "Ammended [sic] and Supplemented Prisoner Complaint" (Doc. No. 60-1), the Clerk of Court mistakenly refiled Plaintiff's original Prisoner Complaint. (*See* Doc. No. 70). The court recognized this error on September 26, 2013 (*see* Minute Order, Doc. No. 92) and Plaintiff's Amended Complaint, which named Ms. McKay as a defendant for the first time, was filed that same day (*See* Doc. No. 93).

The court further directed the United States Marshal Service to serve Defendant McKay, as well as newly-named defendants Judith Beeman, Helene Christner, and Yvonne Sargeant. (Minute Order, Doc. No. 92.) On October 2, 2013, a Second Waiver of Service of Summons was filed on behalf of the Colorado Department of Corrections (CDOC). (Doc. No. 96.) While the CDOC agreed to waive service for Defendants Beeman, Christner, and Sargeant, it did not waive service for Defendant McKay because she was not a CDOC employee. (*Id.*) And because Plaintiff provided only a CDOC address for Defendant McKay—namely, a P.O. Box for Sterling Correctional Facility—the Marshal Service had no other way to serve Defendant McKay. (*See* Am. Compl.)

On February 27, 2014, the court entered an Order to Show Cause directing Plaintiff to show cause in writing why his claims against Defendant McKay should not be dismissed without

2

prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service. (Doc. No. 128.) Plaintiff responded to the order to show cause on March 13, 2014. (Doc. No. 132.) On April 8, 2014, the court found that Plaintiff had shown good cause for an extension of the deadline to serve Defendant McKay and therefore gave Plaintiff through May 8, 2014 to either (1) file an address for Defendant McKay at which the Marshal Service could affect proper service or (2) a Status Report regarding his efforts at obtaining an address for Defendant McKay. (Doc. No. 133.)

On May 7, 2014, Plaintiff filed a Status Report advising the court that, despite his good faith efforts, he was not able to obtain an address for Defendant McKay. (Doc. No. 134.) Accordingly, on August 27, 2014, the court ordered Defendants to file under seal Defendant McKay's last known address or, alternatively, a statement that Defendants do not have record of Defendant McKay's last known address. (Doc. No. 140.)

Defendants filed the last known address they had on record for Defendant McKay on September 3, 2014. (Doc. No. 141.) Defendant McKay was served by the Marshal Service the following day. (Doc. No. 155.)

On October 8, 2014, Defendant McKay filed her Motion to Dismiss (*see* Mot.), as well as an Answer to Plaintiff's Amended Complaint (Doc. No. 150.) Pursuant to D.C.COLO.LCivR 7.1(d) and Fed. R. Civ. P. 6(d), Plaintiff had until November 3, 2014 to file a response to Defendant McKay's Motion to Dismiss. No response was filed on or before that date. Accordingly, this matter is ripe for the court's review and recommendation.

**FACTUAL BACKGROUND**

This court has previously outlined a detailed recitation of the facts alleged in Plaintiff's Amended Complaint. (*See* Recommendation of U.S. Magistrate Judge, Doc. No. 139, filed Aug. 27, 2014.) That factual background is incorporated herein by reference. In short, Plaintiff alleges that Defendants violated his constitutional rights by (1) placing him into administrative segregation without adequate procedural safeguards, (2) failing to provide him with treatment for his Hepatitis C and related pain, (3) retaliating against him for exercising his right of access to the courts, and (4) failing to arrange for confidential telephone calls with his criminal attorney. (*See generally id.*)

Plaintiff's Amended Complaint contains only one factual allegation against Defendant McKay. Specifically, Plaintiff alleges that on September 18, 2012, Defendant McKay, a physician's assistant, reviewed Plaintiff's medical charts, which were "replete" with "complaints of Hep C and pain," but did not treat Plaintiff for Hepatitis C or attempt to alleviate his pain. (Am. Compl. ¶ 31.) Based on this allegation, Plaintiff alleges that Defendant McKay was deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment.

**LEGAL STANDARDS**

*A.*   **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding allegations of a *pro se* complaint "to less

4

stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

## B.     *Failure to State a Claim upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on

its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.   The *Iqbal* evaluation requires two prongs of analysis.  First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory.  *Id*. at 1949–51.  Second, the Court considers the remaining factual allegations "to determine if they plausibly suggest an entitlement to relief."  *Id*. at 1951.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss.  *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments.  *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 129 S. Ct. at 1940.  Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* at 1949 (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Iqbal*,129 S. Ct. at 1949 (citation omitted).

In making the required determination, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253-54 (10th Cir. 2005) ("[A] document central to the plaintiff's claim and referred to in the complaint may be considered in resolving a motion to dismiss, at least where the document's authenticity is not in dispute."); *Kennedy v. Peele*, 552 F. App'x 787, Case No. 11-cv-00967-REB-KMT, 2014 WL 92251, *4 (10th Cir. January 10, 2014). "[F]actual allegations that contradict . . . a properly considered document are not well-pleaded facts that the court must accept as true." *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1385 (10th Cir. 1997).

## ANALYSIS

Defendant McKay argues that Plaintiff's Eighth Amendment claim against her is properly dismissed under Rule 12(b)(6) for failure to state a claim for relief. The court agrees.

The Eighth Amendment's ban on cruel and unusual punishment is violated if a defendant's "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Self v. Crum,* 439 F.3d 1227, 1230 (10th Cir. 2006) (quoting *Estelle v. Gamble,* 429 U.S. 97, 104 (1976)). A claim for deliberate indifference has both an objective component and a subjective component. To satisfy the objective component, a prisoner must demonstrate that his medical need is "objectively, sufficiently serious." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily

recognize the necessity for a doctor's attention." *Hunt v. Uphoff,* 199 F.3d 12202, 1224 (10th Cir. 1999) (citation omitted).

To satisfy the subject component, a prisoner must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer,* 511 U.S. at 834. "'[D]eliberate indifference' is a stringent standard of fault." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 410 (1997). "A showing of simple or even heightened negligence will not suffice." *Id.*; *see also Giron v. Corrs. Corp. of Am.,* 191 F.3d 1281, 1286 (10th Cir. 1999). Instead, "[t]he subjective component is akin to recklessness in the criminal law, where, to act recklessly, a person must consciously disregard a substantial risk of serious harm." *Self,* 439 F.3d at 1231. That is, the official must "know[] of and disregard[] an excessive risk to inmate health and safety." *Farmer,* 511 U.S. at 837; *see also id.* ("the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference.").

The court finds that, even assuming Plaintiff's allegations satisfy the objective component of a deliberate indifference claim, Plaintiff fails to allege sufficient facts to meet the subjective component. First, Plaintiff does not allege facts suggesting that Defendant McKay knew his medical records contained complaints about his Hepatitis C and related pain. Indeed, Plaintiff does not allege that Defendant McKay reviewed his medical charts for the purpose of addressing his Hepatitis C or that he or someone else brought these issues to her attention. Ultimately, at best, Plaintiff's allegations establish that, by reviewing his chart, Defendant McKay *should* have learned of his Hepatitis C and pain and taken steps to address them. This is insufficient to establish that Defendant McKay acted with deliberate indifference. *Barney v. Pulsipher,* 143

F.3d 1299, 1307 n.5, 1310 (10th Cir. 1998) ("deliberate indifference is a subjective standard requiring actual knowledge of a risk by the official . . . . It is not enough to establish that the official should have known of the risk of harm.").

Second, Plaintiff has not described his complaints about his Hepatitis C and related pain or when they were added to his medical records. Instead, he only vaguely alleges that his medical records were "replete" with complaints of "Hep C and pain." Even assuming that Defendant McKay knew of Plaintiff's complaints, in the absence of allegations as to their substance, the court cannot conclude that Defendant McKay knew that failing to address these issues would pose a substantial risk of harm.

Accordingly, the court finds that Plaintiff fails to state an Eighth Amendment claim against Defendant McKay. As such, Defendant McKay's Motion to Dismiss is properly granted.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Defendant McKay's Motion to Dismiss (Doc. No. 153) be GRANTED and that Plaintiff's claim against Defendant McKay be DISMISSED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation

must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).   Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.   *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");   *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);   *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but*

*see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 12th day of May, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge