IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Robert E. Blackburn**

Civil Action No. 12-cv-02400-REB-KMT

SHANE JOHNSON,

      Plaintiff,

v.

JUSTIN DASH, individually and in his official capacity as case manager,
JAMES OLSON, individually and in his official capacity as committee chairperson,
CARMEN ESTRADA, individually and in her official capacity as committee chairperson,
and
KATHLEEN BOYD, individually and in her official capacity as nurse practitioner,

      Defendants.

---

## ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

---

**Blackburn, J.**

      This matter is before me on the **Motion To Alter or Amend the Judgment**

[#159][1] filed October 15, 2014.  I deny the motion.

      Under FED. R. CIV. P. 59(e), a court may alter or amend a judgment.  The primary

bases for a motion under Rule 59(e) are

> (1) an intervening change in the controlling law, (2) new
> evidence previously unavailable, and (3) the need to correct
> clear error or prevent manifest injustice.

***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations

omitted).  The plaintiff, Shane Johnson, asks that an order [#147] which resulted in the

dismissal of certain claims and certain defendants be altered.  That motion adopted the

---

[1]  "[#159]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

recommendation [#139] of the United States Magistrate Judge concerning certain

dispositive motions.  Mr. Johnson contends his second motion [#146] for an extension

of time to file objections to the recommendation should have been granted rather than

denied and contends his objections to the recommendation are valid and merit

alteration of the order [#147].

I addressed the second motion for extension of time in the order [#147]

challenged by Mr. Johnson.

In his second motion for extension of time, Mr. Johnson contends
his law library access has been limited to two hours per week, notes the
other cases he is litigating, and contends he needs more time "to
distinguish cases cited in the R&R." Motion [#146]. In addition, Mr.
Johnson says "I have some really good objections and this motion is not
for the purposes of delay." Id. He does not specify, even in a summary
fashion, the bases for any of his proposed objections.

The facts, issues, and legal authorities addressed in the
recommendation [#139] are detailed in the underlying motion [#100] of the
defendants, filed October 17, 2013, the 32 page response [#116] of the
plaintiff, filed December 27, 2013, and the reply[#120] of the defendants,
filed January 22, 2014. With this background, Mr. Johnson has had ample
time to familiarize himself with the issues and authorities on which the
defendants rely and which are addressed in the recommendation. Given
this context, I find that Mr. Johnson has not stated in his motion [#146]
good cause for an additional extension of time to file objections to the
recommendation. Therefore, his motion for extension of time [#146] is
denied.

*Order* [#147], pp. 2 - 3.

In his present motion, Mr. Johnson does not point to (1) an intervening change in

the controlling law, (2) new evidence previously unavailable, or (3) the need to correct

clear error or prevent manifest injustice.  Thus, his motion should be denied.

2

**THEREFORE, IT IS ORDERED** that the **Motion To Alter or Amend the Judgment** [#159] filed October 15, 2014, is denied.

Dated September 14, 2015, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn

Robert E. Blackburn
United States District Judge