**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-02400-REB-KMT

SHANE JOHNSON,

    Plaintiff,

v.

JUSTIN DASH, individually and in his official capacity as case manager,
JAMES OLSON, individually and in his official capacity as committee chairperson,
CARMEN ESTRADA, individually and in her official capacity as committee chairperson, and
KATHLEEN BOYD, individually and in her official capacity as nurse practitioner,

    Defendants.

## ORDER DENYING MOTION TO REINSTATE CLAIMS

**Blackburn, J.**

This matter is before me on the **Motion To Reinstate Claims Against Defendants Ahlin and DePriest** [#166][1] filed May 14, 2015. The defendants filed a response [#175], and the plaintiff filed a reply [#186]. I deny the motion.

As stated in the complaint [#93] the claim asserted against former defendants Debra Ahlin and Daniel DePriest is a claim for "denial of due process." *Complaint* [#93], p. 4-A. This claim is based on hearings held concerning the administrative segregation classification of Mr. Johnson. He alleges that on February 8, 2011, a classification hearing was held to officially place Mr. Johnson in administrative segregation. *Id.*, ¶ 4. In reaching the decision to officially assign Mr. Johnson to administrative segregation,

---

[1] "[#166]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Ms. Ahlin, a member of the Administrative Segregation Committee, allegedly relied on evidence that was never provided to Mr. Johnson or submitted at the administrative segregation hearing. Mr. Johnson challenged this error in an action in a case in state court under Colorado Rule of Civil Procedure 106.5. In that proceeding, the Colorado Department of Corrections sought and was granted a remand for a new administrative segregation hearing. *Response*, Exhibit A-4, p. 2 (order of District Court, City & County of Denver).

A second classification hearing was held on March 28, 2012. According to Mr. Johnson, Mr. DePriest erred at this hearing when he relied on unspecified evidence to conclude that Mr. Johnson had escaped from a "maximum custody facility" by "breach[ing] a cell block[] and a security fence." *Complaint* [#93], pp. 4-A - 4-B. Mr. Johnson claims that by considering the unspecified evidence above, it raised the "seriousness" of his prior escape from a county jail. He claim also that if he could have known of the document relied upon by Mr. DePriest beforehand, and called its author as a witness, he could have refuted the findings of Mr. DePriest.

Mr. Johnson raised the same factual contentions in his state court Rule 106.5 proceeding. *Response*, Exhibit A-4, pp. 3 - 8 (order of District Court, City & County of Denver). In a motion to dismiss [#93], Ms. Ahlin and Mr. DePriest argued that the claims against them in this case must be dismissed because a parallel state proceeding, the Rule 106.5 proceeding, was pending. Under the doctrine established in **Younger v. Harris**, 401 U.S. 37 (1971), federal courts are to avoid interfering with ongoing state proceedings if the state court provides an adequate forum to present any federal constitutional challenges. That motion was granted. *Order* [#147], p. 5. Ultimately, the Denver District Court denied relief to Mr. Johnson, the Colorado Court of

Appeals affirmed, and the Colorado Supreme Court denied the petition for certiorari filed by Mr. Johnson. Because the state court proceedings now are complete, Mr. Johnson seeks reinstatement of his due process claim against Ms. Ahlin and Mr. DePriest.

In their response [#175], the defendants contend both collateral estoppel, or issue preclusion, and res judicata, or claim preclusion, bar Mr. Johnson from pursuing his due process claim against Ms. Ahlin and Mr. DePriest. The doctrine of *res judicata*, or claim preclusion, will "prevent a party from re-litigating a legal claim that was or could have been the subject of a previously issued final judgment." **MACTEC, Inc. v. Gorelick**, 427 F.3d 821, 831 (10th Cir. 2005). Three elements are required to apply the doctrine of claim preclusion: (1) a final judgment on the merits in an earlier action; (2) the parties are identical or in privity in both cases; and (3) identity of the cause of action in both suits. *Id*. (**citing Wilkes v. Wyo. Dep't of Employment Div. of Labor Standards**, 314 F.3d 501, 504 (10th Cir. 2003)); **Nwosun v. General Mills Restaurants, Inc.**, 124 F.3d 1255, 1257 (10th Cir. 1997). "If these requirements are met, [claim preclusion] is appropriate unless the party seeking to avoid preclusion did not have a 'full and fair opportunity' to litigate the claim in the prior suit." *Id*. (**citing Yapp v. Excel Corp.**, 186 F.3d 1222, 1226 n.4 (10th Cir. 1999)). "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." **Allen v. McCurry**, 449 U.S. 90, 94 (1980).

The doctrine of collateral estoppel, or issue preclusion, mandates that the final decision of a court on an issue actually litigated and determined is conclusive of that issue in any subsequent suit. Collateral estoppel bars re-litigation of an issue when: (1) the issue previously decided is identical with the one presented in the instant case; (2)

the merits of the prior action have been finally adjudicated; (3) the party against whom the doctrine is invoked was a party or in privity with a party in the prior action; and (4) in the prior action, the party against whom the doctrine is invoked has had a full and fair opportunity to litigate the issue. **Novitsky v. City of Aurora**, 491 F.3d 1244, 1252 n. 2 (10th Cir. 2007) (**citing Murdock v. Ute Indian Tribe**, 975 F.2d 683, 687 (10th Cir.1992)); **Frandsen v. Westinghouse Corp**., 46 F.3d 975, 978 (10th Cir. 1995). This doctrine applies whether the original case was in federal or state court and whether the claim is brought under federal or state law. **Allen v. McCurry**, 449 U.S. 90, 94 (1980).

In his Rule 106.5 proceeding, Mr. Johnson asserted his due process claim challenging the procedures used in his administrative segregation hearings.  To the extent he did not assert some aspect of that claim, he certainly could  – and should – have asserted such a claim.  Under Rule 106.5, a prison inmate can bring due process challenges to the hearing procedure, challenges to the factual findings of a hearing officer, and as-applied constitutional challenges to administrative regulations.  **Garcia v. Harms**, 2014 WL 5847610, at *3 (Colo. App. 2014) (unpublished, copy attached as Exhibit A).

In the Rule 106.5 proceeding, the state district court noted that it did "not have jurisdiction to address Appellant's argument that the conditions of his administrative segregation violate the 14th Amendment." *Response*, Exhibit A-4, p. 4 (order of District Court, City & County of Denver).  However, both the state district court and the Colorado Court of Appeals addressed certain aspects of the due process contentions of Mr. Johnson concerning his administrative segregation hearings and Rule 106.5 gave those courts jurisdiction over these issues.  The state district court considered the basic due process requirements for prison discipline and classification proceedings.  *Id*.  The

4

court concluded that Mr. Johnson was given sufficient information "to marshal facts in his defense." *Id.*, p. 5.   The Colorado Court of Appeals rejected the contention of Mr. Johnson that his inability to identify and call witnesses violated his due process rights. *Response*, Exhibit A-5, p. 5 (order of the Colorado Court of Appeals). This issue arose in the consideration of whether or not Mr. Johnson had shown prejudice as a result of the alleged procedural improprieties in his administrative segregation hearings.

The due process claims raised by Mr. Johnson in this case either were or could have been raised in his Rule 106.5 proceeding.  The merits of these issues have been finally adjudicated by the state court, and the parties to the two proceedings are in privity.  Mr. Johnson was a party to the state court action, and Mr. Johnson had a full and fair opportunity to litigate these issues in state court.  Re-litigation of these issues now is precluded by the doctrines of *res judicata* and collateral estoppel.  Thus, there is no valid basis to reinstate the due process claim against Ms. Ahlin and Mr. DePriest because re-litigation of that claim now is barred.

**THEREFORE, IT IS ORDERED** that the **Motion To Reinstate Claims Against Defendants Ahlin and DePriest** [#166] filed May 14, 2015, is denied.

Dated September 14, 2015, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

5