**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-02400-REB-KMT

SHANE JOHNSON,

    Plaintiff,

v.

JUSTIN DASH, individually and in his official capacity as case manager,
JAMES OLSON, individually and in his official capacity as committee chairperson,
CARMEN ESTRADA, individually and in her official capacity as committee chairperson, and
KATHLEEN BOYD, individually and in her official capacity as nurse practitioner,

    Defendants.

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

    This matter is before me on the following: (1) the **Motion To Dismiss From Defendant Keri McKay** [#153][1] filed October 8, 2014; and (2) the **Recommendation of United States Magistrate Judge** [#164] filed May 12, 2015.  The plaintiff filed an objection [#167] to the recommendation.  I overrule the objection, approve and adopt the recommendation, and grant the motion to dismiss.

    As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which the plaintiff objects.  I have considered carefully the recommendation, the objections, the other filings in this case, and the applicable case law.

---

[1] "[#153]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

The plaintiff is proceeding *pro se*. Thus, I have construed his pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff, Shane Johnson, is incarcerated in the Colorado Department of Corrections (DOC). His amended complaint [#93] contains only one factual allegation against defendant Keri McKay.[2] Specifically, he alleges that on September 18, 2012, Ms. McKay, a physician's assistant, reviewed the medical charts of the plaintiff, which allegedly were "replete" with "complaints of Hep C and pain." Mr. Johnson alleges Ms. McKay did not treat Mr. Johnson for Hepatitis C or attempt to alleviate his pain. *Complaint* [#93], ¶ 31. Based on this allegation, Mr. Johnson alleges Ms. McKay was deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. The magistrate judge concludes correctly that this simple allegation does not state an Eighth Amendment claim. This is true primarily because nothing in the allegation against Ms. McKay satisfies the subjective component of an Eighth Amendment claim.

On October 8, 2014, Ms. McKay filed both an answer [#150] and her motion to dismiss [#153]. In his objection [#167], Mr. Johnson says he received the answer, but not the motion to dismiss. The motion to dismiss contains a certificate of mailing indicating that the motion was mailed to Mr. Johnson at his address of record via first class mail. Papers sent by United States mail are presumed received by the addressee, absent evidence to the contrary. **See, e.g., Rosenthal v. Walker**, 111 U.S. 185, 193 (U.S.

---

[2] As noted by the magistrate judge, defendant Keri McKay inadvertently was dropped as a defendant in this case in an order [#147] filed September 29, 2014. At that time, Ms. McKay had not been served, and she was dropped as a defendant due to clerical error. Notwithstanding, the claim against Ms. McKay and her motion to dismiss remain ripe for consideration by the court.

2

1884); *In re Schicke*, 290 B.R. 792, 801 n. 20 (10th Cir. BAP 2003).  "A mere denial of receipt is insufficient to rebut a presumption that proper notice was given.  Instead, the presumption of proper notice can be overcome only by evidence that the mailing was not in fact accomplished for example, with evidence that notice was never mailed, [or] it was incorrectly addressed . . . ."  *Martinez v. Dex Media, Inc.*, 2011 WL 3268524, at *3 (D. Colo. 2011) (Babcock, J.) (internal quotations and citations omitted).  Further, given the sparse allegation against Ms. McKay, there is no conceivable response Mr. Johnson could have filed which would save his Eighth Amendment claim against Ms. McKay from dismissal under Fed. R. Civ. P. 12(b)(6).  Therefore, in recognition of the futility of such a response, I overrule the objection [#167].

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Recommendation of United States Magistrate Judge** [#164] filed May 12, 2015, is approved and adopted as an order of this court;

2.  That the objection [#167] of the plaintiff is overruled;

3.  That under Fed. R. Civ. P. 12(b)(6), the **Motion To Dismiss From Defendant Keri McKay** [#153] filed October 8, 2014, is granted; and

4.  That in a separate order, I shall order the entry of judgment in favor of defendant, Keri McKay, and against the plaintiff, Shane Johnson.

Dated September 14, 2015, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge