**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-02400-REB-KMT

SHANE JOHNSON,

    Plaintiff,

v.

JUSTIN DASH, individually and in his official capacity as case manager,
JAMES OLSON, individually and in his official capacity as committee chairperson,
CARMEN ESTRADA, individually and in her official capacity as committee chairperson, and
KATHLEEN BOYD, individually and in her official capacity as nurse practitioner,

    Defendants.

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

    This matter is before me on the following: (1) the **Third Motion for Summary Judgment** [#170][1] of the plaintiff filed June 5, 2015; (2) the **Motion for Summary Judgment** [#179] of defendant Kathleen Boyd filed June 18, 2015; (3) the **Motion for Summary Judgment** [#180] of defendants Justin Dash, James Olson, and Carmen Estrada [#80] filed June 19, 2015; and (4) the corresponding **Recommendation of United States Magistrate Judge** [#200] filed August 20, 2015. The plaintiff filed objections [#207] to the recommendation, and the defendants filed a response [#209] to the objections. I overrule the objections, approve and adopt the recommendation, grant

---

[1] "[#170]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

the motions for summary judgment of the defendants, and deny the motion for summary judgment of the plaintiff.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which the plaintiff objects. I have considered carefully the recommendation, the objections, the other filings in this case, and the applicable case law.

The plaintiff is proceeding *pro se*. Thus, I have construed his pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff, Shane Johnson, is incarcerated in the Colorado Department of Corrections (DOC). His remaining claims concern two issues. First, he alleges he was denied prompt and effective treatment for Hepatitis C while he was incarcerated. This claim is asserted against defendant Kathleen Boyd. Second, he alleges he was confined in administrative segregation without meaningful periodic reviews of his placement in administrative segregation. This claim is asserted against defendants Justin Dash, James Olson, and Carmen Estrada.

Mr. Johnson received treatment for Hepatitis C, but contends his treatment was delayed unnecessarily, in violation of his Eighth Amendment right against cruel and unusual punishment. As a result of the delay in treatment, Mr. Johnson contends, he still has Hepatitis C and he suffers from cirrhosis of the liver. As detailed in the

recommendation [#200], DOC medical records and the review of those records by Susan Tiona, M.D., Chief Medical Officer for the Colorado Department of Corrections, indicate otherwise. Dr. Tiona states in her affidavit [#179-1] that medical tests show Mr. Johnson now is free of the Hepatitis C virus and that he does not suffer from cirrhosis of the liver. Further, Dr. Tiona states that the time that passed between the first request of Mr. Johnson for treatment and the initiation of treatment did not cause Mr. Johnson any appreciable injury.

In his objection [#207], Mr. Johnson cites certain medical records in evidence in this case in an effort to demonstrate that he still suffers from Hepatitis C and cirrhosis of the liver. I have reviewed his objections and his citations to evidence in the record. None of the evidence cited by Mr. Johnson demonstrates that there remains a genuine issue of material fact on the key issues: (1) Does Mr. Johnson still suffer from Hepatitis C?  (2) Does Mr. Johnson suffers from cirrhosis of the liver caused by a delay in treatment for his Hepatitis C; and (3) Did the delay in providing treatment for Hepatitis C to Mr. Johnson caused him any injury?  Viewing the undisputed facts in the record, as supported by proper evidence, in the light most favorable to Mr. Johnson, the answer to all three questions is no. After *de novo* review, I approve and adopt the recommendation [#200] of the magistrate judge on the Eighth Amendment claim concerning Hepatitis C treatment.

I now turn to the claim in which Mr. Johnson alleges he was not provided meaningful periodic reviews of his placement in administrative segregation, in violation

of his right to due process of law.[2]  Mr. Johnson was incarcerated at the Centennial Correctional Facility (CCF) from February 16, 2012, to June 29, 2012.  He was held in administrative segregation while at CCF.  At that time, the administrative segregation system had six levels.  Mr. Johnson was at Level 3 when he arrived at CCF on February 16, 2012.  Mr. Johnson received written reviews of his administrative segregation placement on April 9, 2012, May 9, 2012, and June 8, 2012.  *Motion for summary judgment* [#180], Exhibit A-1, CM/ECF pp. 45 - 47.  Defendant Carmen Estrada was a Case Manager III, a supervisor of case managers, at CCF and was the chairperson of the classification committee.  In these roles, she reviewed the written forms on which Mr. Johnson was given information about the periodic reviews of his administrative segregation placement and she signed those forms.

The magistrate judge recommends that summary judgment be granted as to the claim against Ms. Estrada because Ms. Estrada was a supervisor who did not personally participate in the administrative segregation reviews challenged by Mr. Johnson.  I note that Ms. Estrada reviewed and signed the written forms summarizing the administrative segregation review process for Mr. Johnson.  Those actions readily can be seen as personal participation by Ms. Estrada in the review process challenged by Mr. Johnson.  However, I find this issue to be moot.  As a matter of substance, the written administrative segregation reviews provided to Mr. Johnson at CCF and signed by Ms. Estrada informed Mr. Johnson of the reasons he was recommended for or

---

[2]  The due process claim is based on the contention that Mr. Johnson has a protected liberty interest which is affected by his administrative segregation placement.  For the purpose of resolving the motions for summary judgment, I assume without deciding that a protected liberty interest is at stake.  However, that proposition remains an open question.  ***See, e.g., Rezaq v. Nalley,*** 677 F.3d 1001 (10th Cir. 2012).

denied progression in administrative segregation. *Motion for summary judgment* [#180], Exhibit A-1, CM/ECF pp. 45 - 47. In addition, they informed him of the reasons for his placement in administrative segregation and they state why the placement remained warranted, to the extent the administrative segregation placement was to be continued. This complies with the law applicable during this time period. Based on this amended analysis, I find and conclude that Ms. Estrada is entitled to summary judgment.

On April 2, 2012, the United States Court of Appeals for the Tenth Circuit issued its opinion in **Toevs v. Reid**, 685 F.3d 903, 913 (10th Cir. 2012). To some extent, **Toevs** changed the requirements for periodic reviews of administrative segregation placements. The **Toevs** opinion was released just before Mr. Johnson was moved to the Colorado State Penitentiary (CSP). Mr. Johnson was incarcerated at CSP from June 29, 2012, through September 14, 2012, a period of about two and one-half months.

During this time, defendant James Olson was a Case Manager III, a supervisor of case managers, and a member of the Internal Classification Committee at CSP. Defendant Justin Dash was the case manager for Mr. Johnson while Mr. Johnson was housed at CSP. This is the time period at issue in the claim against Mr. Olson and Mr. Dash. During this time, Mr. Johnson claims, Mr. Olson and Mr. Dash violated his right to due process of law because they failed to provide Mr. Johnson with meaningful review of his administrative segregation placement.

On May 15, 2012, shortly before Mr. Johnson arrived at CSP, a new DOC regulation concerning classifications within administrative segregation went into effect.

The new system included four privilege levels. Level 4 was divided into sub categories of 4A and 4B.

Mr. Johnson was at level 3 when he arrived at CSP. He received a written review of his placement on July 11, 2012, and August 8, 2012. *Motion for summary judgment* [#180], Exhibit A-3, CM/ECF pp. 11 - 12. On August 8, 2012, he was recommended for progression to Level 4B. *Id.*, CM/ECF p. 12. In addition, Mr. Dash met personally with Mr. Johnson to discuss these reviews. Mr. Johnson claims Mr. Dash "never informed me, in person or otherwise, of the reasons why I was being recommended for or denied progression." *Response* [#187], p. 7 (internal quotation omitted).

The affidavit of Mr. Dash indicates otherwise. *Motion for summary judgment* [#180], Exhibit A-3, CM/ECF pp. 1 - 10. Mr. Johnson claims these personal discussions were not adequate. Most important for the purpose of the motion for summary judgment, the written review documents provided to Mr. Johnson informed him of the reasons he was recommended for or denied progression. In addition, they informed him of the reasons for his placement in administrative segregation and states why the placement remained warranted, to the extent the administrative segregation placement was to be continued. This complies with the law applicable during this time period, as stated in **Toevs v. Reid**, 685 F.3d 903, 913 (10th Cir. 2012).

The magistrate judge recommends that summary judgment be granted as to the claim against Mr. Olson because Mr. Olson was a supervisor who did not personally participate in the administrative segregation reviews challenged by Mr. Johnson. I note that Mr. Olson reviewed and signed the written forms summarizing the administrative

segregation review process for Mr. Johnson. Those actions readily can be seen as personal participation by Mr. Olson in the review process challenged by Mr. Johnson. However, I find this issue to be moot. As a matter of substance, the written administrative segregation reviews provided to Mr. Johnson at CSP were adequate under the law applicable during this time period, as stated in *Toevs v. Reid*, 685 F.3d 903, 913 (10th Cir. 2012). Based on this amended analysis, I find and conclude that Mr. Olson is entitled to summary judgment.

In sum, defendant Kathleen Boyd is entitled to summary judgment on the claim of Mr. Johnson concerning his Hepatitis C treatment. Defendants Carmen Estrada, James Olson, and Justin Dash are entitled to summary judgment on the due process claim asserted against them. This resolves all of the remaining claims against all of the remaining defendants in this case. The objections [#207] of the plaintiff do not undermine the summary judgment analysis in the recommendation and in this order. I overrule the objections. As amended in this order, I approve and adopt the recommendation [#200].

**THEREFORE, IT IS ORDERED** as follows:

1. That with the amended analysis stated in this order, the **Recommendation of United States Magistrate Judge** [#200] filed August 20, 2015, is approved and adopted as an order of this court;

2. That the objections [#207] of the plaintiff are overruled;

3. That the **Third Motion for Summary Judgment** [#170] of the plaintiff filed June 5, 2015, is denied;

4. That the **Motion for Summary Judgment** [#179] of defendant Kathleen Boyd filed June 18, 2015, is granted;

5. That the **Motion for Summary Judgment** [#180] of defendants Justin Dash, James Olson, and Carmen Estrada [#80] filed June 19, 2015, is granted;

6. That based on this order, the order entered concurrently with this order adopting the recommendation [#164] of the magistrate judge, and the previous order [#147] of the court, judgment shall enter in favor the defendants named in this case, Justin Dash, Donna Zavislan, Debra Ahlin, James Olson, Carmen Estrada, Kathleen Boyd, Daniel De Priest, Keri McKay, Helen Christner, Judith Beeman, and Yvonne Sargent, against the plaintiff, Shane Johnson;

7. That the defendants are awarded their costs to be taxed by the clerk of the court in the time and manner prescribed by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1;

8. That the jury trial set to commence September 21, 2015, at 8:30 a.m. is vacated; and

9. That this case is closed.

Dated September 14, 2015, at Denver, Colorado.

                                          **BY THE COURT:**

                                          */s/ Robert E. Blackburn*
                                          Robert E. Blackburn
                                          United States District Judge